Slip Op. 99 - 120

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
:
THE UNITED STATES,                      :
                                        :
                    Plaintiff :
                                        :
        v.                              :        **Before: MUSGRAVE**, **JUDGE**
                                        :
JOSEPH ALMANY, d/b/a J.A. IMPORTS,      :        Court No. 96-02-00384
DAVID JORDAN, INC., and          :
FAR WEST INSURANCE COMPANY,             :
                                        :
                    Defendants.         :
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾:

*Frank W. Hunger*, Assistant Attorney General,*David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*A. David Lafer*, *Franklin E. White, Jr.*), for plaintiff.

*Joseph Almany*, defendant *pro se*.

Law Offices of David K. Geren (*David K. Geren*), for defendant David Jordan, Inc.

## MEMORANDUM

Familiarity with the prior proceedings of this case is presumed. Defendants Joseph Almany, d/b/a J.A. Imports and David Jordan, Inc. have judgment by default entered against them for lost duties in the amount of $5,016.87, plus interest, payable to the United States Customs Service, resulting from a violation of 19 U.S.C. § 1592. *See* Slip Op. 98-72 (June 3, 1998). The United States has moved for clarification or modification of the Judgment to encompass fraudulent culpability against defendants, arguing that certain requests for admissions were deemed "conclusively established" by reason of defendants' failure(s) to respond thereto and this Court's Order of January 13, 1997. Relevant portions of those requests read as follows:

> *Request for Admission No. 2*:
> During the years 1989 through 1991, Joseph Almany was the owner, president, and sole proprietor of J.A. Imports, and directed the activities of that business.

*Request for Admission No. 3*:

During the year 1991, J.A. Imports imported and distributed merchandise provided to it by Harbour City Trading Company.

*Request for Admission No. 4*:

During the years 1989 and 1991, J.A. Imports imported and distributed merchandise provided to it by First Union Enterprises Company.

*Request for Admission No. 5*:

During the years 1989 and 1991, J.A. Imports imported and distributed merchandise provided to it by the Hongsinga Watch Co. Ltd.

*Request for Admission No. 6*:

With respect to . . . [twelve] Customs entries . . . (identified in Exhibit A to plaintiff's complaint) Hongsinga Watch Co. Ltd. provided J.A. Imports with two different invoices for the merchandise entered by J.A. Imports.

*Request for Admission No. 7*:

With respect to each of the entries identified in Request for Admission No. 6 above, one of the two invoices Hongsinga Watch Co. Ltd. provided J.A. Imports stated a purchase price for the merchandise entered by J.A. Imports which was *lower* than the actual purchase price paid by J.A. Imports for that merchandise.

*Request for Admission No. 8*:

With respect to each of the entries identified in Request for Admission No. 6 above, one of the two invoices Hongsinga Watch Co. Ltd. provided J.A. Imports stated a purchase price for the merchandise entered by J.A. Imports which reflected the actual purchase price of the merchandise and which was *higher* than the purchase price stated on the other invoice.

*Request for Admission No. 9*:

With respect to each of the entries identified in Request for Admission No. 6 above, J.A. Imports used the invoice provided by Hongsinga Watch Co. Ltd. which reflected the *lower* purchase price rather than invoice provided by Hongsinga Watch Co. Ltd. which reflected the *higher* purchase price as the basis for the declaration of the value of the merchandise to the U.S. Customs Service.

*Request for Admission No. 10*:

With respect to each of the entries identified in Request for Admission No. 6 above, Joseph Almany and J.A. Imports knew that, by reporting to Customs the lower price listed in one of the two invoices provided by Hongsinga Watch Co. Ltd.,

J.A. Imports would pay a lower amount in duties than it would have to pay if Joseph Almany and J.A. Imports had declared to Customs the price listed in the higher priced invoice provided by Hongsinga Watch Co. Ltd. with respect to the same entry.

*Request for Admission No. 11*:
            With respect to each of the entries identified in Request for Admission No. 6 above, by relying upon the lower priced invoice provided by Hongsinga Watch Co. Ltd. as the basis of the declaration of the value of the merchandise to Customs, J.A. Imports paid lower duties than the amount required by law.

*Request for Admission No. 12*:
            With respect to each of the entries identified in Request for Admission No. 6 above, J.A. Imports reported to Customs a value for the merchandise covered by the entry that was lower than the actual purchase price and did so with an intent to deceive.
. . .

*Request for Admission No. 27*:
            David Jordan, Inc. is the same entity formerly known as J.A. Imports.

*Request for Admission No. 28*:
            Admit the genuineness of Exhibit 1 . . . as a true and correct copy of the RIDER [to Customs' Form 301] NAME CHANGE OF PRINCIPAL executed on April 17, 1993, on behalf of J.A. Imports [and naming David Jordan, Inc. as principal "responsible for any act secured by this bond under principal's former name."]
. . .

Plaintiff's Motion for a Court Order Stating that Plaintiff's First Set of Requests for Admissions to Defendants Joseph Almany d/b/a J.A. Imports and David Jordan Inc. Are Admitted Pursuant to Rule 36(a), Exhibit 1 (and "Exhibit 1" attached thereto) (emphasis in original).  Requests for Admission 13-19 and 20-26 followed the pattern established in 6-12 with respect to five entries supported by invoices purportedly prepared by First Union Enterprises Company and six entries supported by invoices purportedly prepared by Harbour City Trading Company, respectively.

            Joseph Almany's "response" to the government's motion states merely:

Acting on my own behalf, I hereby respond to [chamber's] letter dated April 22, 1999 and I am willing to pay the sum of $5,016.87 in order to satisfy the judgment entered on June 6, 1998 in regards to case or court #96-02-00384 United States of America vs. Joseph Almany, J.A. Imports and Far West Insurance Company.

> Be it my understanding and condition, however, that no other amount such as interest will be added to said $5,016.87. As you are probably aware, the case has been dragging on for almost 10 years. This payment would also close this matter once and for all and will therefore release me and/or any other defendant of any further liability relying [*sic*] to this case.

An individual may choose representation *pro se*, however a corporation must be represented by an attorney admitted to the bar of the court. CIT Rules 75(a),(b)(1). There has been no response to date from counsel for David Jordan, Inc., although a response was ordered and ample time allowed. *See* Slip Op. 99-77 (Aug. 9, 1999); *cf*. Slip Op. 98-66 (May 19, 1998).

The Court anticipated the government's reply: that the amount of duties Mr. Almany states he is now "willing" to pay, without interest, is less than the amount he has been ordered to pay, that the customs duties owed remain unpaid, and that the civil penalty of $413,138.00 imposed by the U.S. Customs Service for fraudulent violations of 19 U.S.C. § 1592 has not been paid.

> This Court ought not to countenance Mr. Almany's audacity in suggesting that the Government settle the entire case against all defendants (including the lawful penalty of $413,138.00 for fraudulent violations of 19 U.S.C. § 1592 sought in the complaint) merely to receive a payment that this Court ordered Mr. Almany to pay more than a year ago. Rather, in accordance with its June 3, 1998 Order, this Court should *again* order Mr. Almany to pay the customs duties owed, *plus interest*, by a check payable to the "United States Treasury" and mailed to counsel for plaintiff. Further, this Court should hold that the defendants Joseph Almany d/b/a J.A. Imports and David Jordan, Inc. are jointly and severally liable for payment of a civil penalty, resulting from their *fraudulent* violations of 19 U.S.C. § 1592, in an amount to be determined in further proceedings.

Plaintiff's Reply at 3 (emphasis in original).

Slip Op. 99-77 countenanced only due administration of justice. Mr. Almany's response provides no basis for denying the government's motion. Judgment will enter accordingly.

Dated: November 3, 1999
     New York, New York                        R. KENTON MUSGRAVE, JUDGE

# *Errata*

*The United States* v. *Joseph Almany, d/b/a J.A. Imports, David Jordan, Inc., and Far West Insurance Company*, Court No. 96-02-00384, Slip Op. 99-120, dated November 3, 1999

Page 1, Substitute *"David W. Ogden,* Acting" for "*Frank W. Hunger,"*

November 4, 1999